UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Paul Brown, # 263009,   ) C/A No. 9:10-00307-MBS-BM
  )
          Petitioner,   )
  )
vs.   )
  )
Henry D. McMaster, Attorney General for South Carolina,   ) Report and Recommendation
  )
          Respondent.   )
_____   )

The Petitioner, Paul Brown, proceeding *pro se*, brings this action titled "Rule to show cause, or in the alternative to Grant this Writ of Mandamus". Petitioner is an inmate at the Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The petition names the South Carolina Attorney General as the sole Respondent.[1]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*,

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even when considered under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

In the instant action, Petitioner argues that a "Writ of Mandamus should be granted based on claim of Prosecutorial Misconduct." Petitioner also claims that: (1) the "Lower Court erred in not Sua Sponte, issuing an order to vacate the [Petitioner's] conviction and remand for Re-sentencing based on the record presented; and (2) the "issues raised in the Writ of Mandamus are not barred by the Doctrine of Resjudicata." (Petition, page 5).

The petition indicates that, in December of 1999, Petitioner entered a guilty plea to the offenses of Criminal Sexual Conduct, first degree, Attempted Criminal Sexual Conduct, second degree, Burglary, first degree (two counts), and Kidnapping (two counts). Petitioner received several concurrent sentences, the longest of which being thirty (30) years of imprisonment. (Petition, page 6). Petitioner claims that the Solicitor who handled his criminal prosecution "introduced certified records of Petitioner's earlier prior convictions used for sentence enhancement purposes." (Petition page 12). Petitioner alleges that the Solicitor's use of "illegal means" constitutes prosecutorial misconduct. (Petition, page 15). Thus, Petitioner asks the Court to "issue the Writ of Mandamus with an order vacating Petitioner's conviction to correct a gross miscarriage of justice." (Petition, page 19). Petitioner also asks this Court to "compel the Defendants to credit him with time served prior to his criminal trial. (Petition, page 1).



Discussion

Petitioner is seeking a writ of mandamus from the United States District Court for the District of South Carolina. Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). Further, mandamus relief is only available when there are no other means by which the relief sought could be granted, *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987), nor may a writ of mandamus be used as a substitute for appeal. *In re Catawba Indian Tribe*, 973 F.2d 1133, 1135 (4th Cir. 1992).

In the instant action, Petitioner asks this Court to compel the South Carolina Attorney General to credit Petitioner with time served prior to his criminal trial, and to issue an order vacating Petitioner's conviction. As such, although Petitioner presents his action as a writ of mandamus, the relief he seeks can only be obtained pursuant to a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). A review of the Court's records indicates that Petitioner filed a petition for a writ of habeas corpus in September of 2006, challenging the same convictions discussed in the present mandamus action.[2] *See Paul Brown v. Kenneth B. Weedon, et al.* (3:06-02465-PMD)(D.S.C.). Petitioner's federal habeas action was dismissed with prejudice on August 28, 2007, after the Court granted the Respondents' motion for summary judgment.

---

[2] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").



In order for this Court to now consider a second or successive habeas petition filed pursuant to 28 U.S.C. § 2254, petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). In light of this requirement, Petitioner may be styling the instant action as a writ of mandamus in an attempt to circumvent the requirement for Pre-Filing Authorization under § 2244(b)(3). However, as indicated above, a writ of mandamus cannot be used as a substitute for appeal, *In re Catawba Indian Tribe*, 973 F.2d at 1135, and Petitioner fails to otherwise demonstrate extraordinary circumstances which entitle him to mandamus relief.

In addition, it is significant to note that Petitioner seeks mandamus relief against a State official or employee. District Courts are granted under 28 U.S.C. § 1361, "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999).

Should Petitioner look instead to 28 U.S.C. § 1651, the "all writs statute," as a source of mandamus authority, relief would still be unavailable, as a writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). Therefore, even if Petitioner had shown entitlement to the drastic remedy of a writ of mandamus, this Court would lack jurisdiction under §§ 1361 and/or 1651 to grant such relief against a State official. As such, the instant petition for a writ of mandamus is subject to summary dismissal.



Recommendation

Accordingly, it is recommended that the Court deny the petition in the above-captioned case, and dismiss the action *without prejudice* and without issuance of service of process. Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 2, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

