IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Brown #263009, | Civil Action No. 9:10-307-MBS |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Henry D. McMaster, Attorney General for South Carolina, | |
| Defendant. | |

Petitioner Paul Brown ("Petitioner") is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). Petitioner is currently housed at the Broad River Correctional Institution. Petitioner filed this *pro se* petition for a writ of mandamus on February 10, 2010. Entry 1. Petitioner asks this court to "intervene, swiftly, 'with all deliberate speed'" in the state court proceedings by issuing a writ of mandamus compelling Respondent Henry D. McMaster ("Respondent") to order that Petitioner receive credit for prison time he served before his criminal trial and that Petitioner's state court conviction be vacated on the ground of prosecutorial misconduct. Id. at 1, 19.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On April 2, 2010, the Magistrate Judge issued a Report and Recommendation in which he determined the following: (1) the relief Petitioner seeks can only be obtained through a writ of habeas corpus, and since this court denied Petitioner's

previous petition for a writ of habeas corpus, Petitioner must seek permission from the Fourth Circuit before filing a second or successive habeas corpus petition; (2) Petitioner has not demonstrated that extraordinary circumstances exist that warrant issuing a writ of mandamus; and (3) even if Petitioner was entitled to a writ of mandamus, this court would not have the jurisdiction to issue the writ against a state official under 28 U.S.C. §§ 1361 and 1651. Entry 12. Petitioner filed an objection to the Magistrate Judge's Report and Recommendation on April 16, 2010. Entry 14.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

After a careful review of the record, the court concludes that Petitioner's petition for a writ of mandamus should be dismissed without prejudice. The Magistrate Judge correctly determined that the relief Petitioner seeks – credit for time served and an order vacating his sentence – can only be obtained pursuant to a writ of habeas corpus. The petition for writ of habeas corpus Petitioner previously filed with this court was dismissed with prejudice on August 28, 2007 (3:06-2465-PMD) (D.S.C.). To the extent that Petitioner is attempting to file a second or successive petition for writ of habeas corpus, Petitioner must obtain permission to do so from the United States Court of Appeals

2

for the Fourth Circuit. See 28 U.S.C. § 2244(b)(3).

In Petitioner's objection, he maintains that a writ of mandamus is the proper remedy for the relief he seeks. Petitioner states that the relief he seeks from this court is an order compelling the state courts to rule on his petition for a writ of mandamus. Petitioner alleges that he initially filed a petition for a writ of mandamus with the 14th Judicial District and the Supreme Court of South Carolina, and that the Supreme Court of South Carolina "issued an order pursuant to Key v. Currie, 305 S.C. 115, 406 S.E.2d 356 (1991) . . . [i]n which [the court] refers Petitioner to the Court of Original Jurisdiction." Petitioner's interpretation of the Supreme Court of South Carolina's order is not supported by the record. The Supreme Court of South Carolina dismissed Petitioner's petition for a writ of mandamus on May 28, 2009 after the court determined that "no extraordinary reason exists to entertain" the petition under Key. Entry 14-1, 6. Petitioner alleges that after the Supreme Court of South Carolina issued its order, he filed petitions for a writ of mandamus with the 5th and 14th Judicial Districts. Petitioner contends that because these petitions are still pending in state court, his only available remedy is to petition this court for an order compelling the state courts to rule on the petitions.

Petitioner concedes that a writ of mandamus is an extraordinary remedy, yet he fails to demonstrate that there are extraordinary circumstances that entitle him to mandamus relief. Neither the fact that his initial request for mandamus relief was dismissed by the Supreme Court of South Carolina nor the fact that his subsequent requests for mandamus relief are still pending in state court constitute extraordinary circumstances. Moreover, as the Magistrate Judge correctly determined, this court lacks jurisdiction to issue a writ of mandamus against Respondent, as a state official, under 28 U.S.C. §§ 1361 and 1651. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction

of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"); See 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

Accordingly, this case is dismissed *without prejudice.* The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

June 8, 2010

Columbia, South Carolina